STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v.
NATHAN SELZER, DEFENDANT-APPELLANT.

Union County Court
Law Division

Decided October 2, 1959.

328

*Mr. Myles J. Gilsenan,* Assistant Prosecutor, Union County, argued the case for the State (*Mr. H. Douglas Stine,* Union County Prosecutor, attorney).

*Mr. Joseph I. Bedell* argued the case for the defendant-appellant (*Messrs. Lyness & Bedell,* attorneys).

The opinion of the court was delivered by

BARGER, J. C. C. This is an appeal from the Municipal Court of the City of Plainfield. The defendant, after a summary trial, was convicted of a violation of *N. J. S. A.* 39:10-9, that is, selling a 1955 Cadillac motor vehicle in the City of Plainfield without a title. Defendant was sentenced to pay a fine in the sum of $500 and costs in the sum of $10. The defendant did not waive indictment or trial by jury in writing, *R. R.* 8:3-3(*b*). The appeal is on the transcript of the proceedings below.

There are two grounds advanced by the defendant for reversal:

(1) The municipal court was without jurisdiction to hear the complaint because the offense charged is a crime entitling him to indictment and trial by jury.

(2) The State did not prove beyond a reasonable doubt the essential element of knowingly or willfully violating the statute involved as required by *N. J. S. A.* 39:10-24(*a*).

*N. J. S. A.* 39:10-24, for violations of *chapter* 10 of *Title* 39, provides the following punishment:

"Shall be guilty of a misdemeanor and punished by a fine not exceeding two thousand dollars ($2,000.00) or by imprisonment not exceeding two years, or both, at the court's discretion, and shall immediately return the title papers involved to the commissioner."

The general jurisdiction vested in municipal courts is granted by *N. J. S.* 2*A*:8–21 and *N. J. S.* 2*A*:8–22, and under *N. J. S.* 2*A*:8–21(*a*) the municipal magistrate is given jurisdiction over "violations of the motor vehicle and traffic laws." It is the contention of the State that this violation comes within the jurisdiction vested in the court under this paragraph.

On the other hand it is the contention of the defendant that the offense charged being a misdemeanor constitutes a crime and he is entitled to indictment and trial by jury under the constitutional provisions set forth in *Article* I, *paragraph* 8 and *Article* I, *paragraph* 9, 1947 *Constitution,* and that the jurisdiction of the municipal court as to criminal offenses is granted and is limited by the following pertinent provisions of *N. J. S.* 2*A*:8–22:

"Each municipal court, and the magistrate or magistrates thereof, shall also have jurisdiction of the following crimes or offenses occurring within the territorial jurisdiction of the court, where the person charged shall in writing waive indictment and trial by jury:

\* \* \* \* \* \* \* \*

(h) Other criminal offenses where the penalty that may be imposed therefor does not exceed a fine of $1,000.00 or imprisonment for a term not exceeding 1 year; provided, that where the magistrate is not an attorney at law the municipal court shall not have such jurisdiction to try and determine an indictable offense even though the person charged offers to waive in writing indictment and trial by jury. In such case, and in any case in which the municipal magistrate is not required by this section to try the same, the municipal magistrate may commit, or if the offense charged is bailable in law, admit the person charged to bail with sufficient surety to appear before such court as shall have jurisdiction in such case to hear and determine the crime or offense charged, but in any case in which any person so waiving indictment and trial by jury is charged with a violation of any offense above described under subsections a to h, both inclusive, of this section, if the municipal magistrate is an attorney at law, such person shall be tried therefor in the municipal court."

■■ It has been firmly established by the decisions in this State that motor vehicle or traffic violations, unless specifically designated otherwise, are *quasi*-criminal in character. This designation indicates that the offenses referred to are not crimes, but rather must be proven by the same degree of proof as required to convict under a criminal charge and that is by evidence establishing guilt beyond a reasonable doubt. *State v. Rowe,* 116 *N. J. L.* 48 *(Sup. Ct.* 1935), affirmed 122 *N. J. L.* 466 *(E. & A.* 1939) ; *State v. Matchok,* 14 *N. J. Super.* 359, 360 *(App. Div.* 1951) ; *State v. Gratale Bros. Inc.,* 25 *N. J. Super.* 62 *(Cty. Ct.* 1953). For an exhaustive historical background of courts having inferior jurisdiction, see *State v. Maier,* 13 *N. J.* 235 (1953).

■ It is evident therefore that the jurisdiction vested in the municipal court under *N. J. S.* 2A:8–21(*a*) concerns only these offenses *quasi*-criminal in character. If this be so then jurisdiction to hear the offense charged here, being designated by the Legislature as a misdemeanor, a substantial punishment also being provided, and therefore a crime, must be found under the provisions of *N. J. S.* 2A:8–22(*h*). This section of the statute, before the magistrate can hear the offense in a summary manner, requires the execution by the defendant of a waiver in writing of his constitutional right to indictment and trial by jury. No waiver in this case having been secured from the defendant, and the defendant being entitled under the constitutional provisions cited to indictment and trial by jury, it is evident to this court that the municipal court did not have jurisdiction of the offense and therefore the conviction of the defendant is reversed and set aside.

In view of the above finding of the court, the court has not considered the second point raised in the appeal and has also not considered the appeal on its merits.